**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

EDITH C. SMITH,                          )
                                         )
                                         )
            Plaintiff,                   )
      v.                                 )
                                         )        **MEMORANDUM OPINION**
SMITHKLINE BEECHAM                       )        **AND RECOMMENDATION**
CORPORATION d/b/a                        )            1:08CV511
GLAXOSMITHKLINE,                         )
                                         )
            Defendant.                   )
                                         )

        This matter is before the court on a motion by Defendant GlaxoSmithKline to

dismiss three of the alleged legal bases pled by Plaintiff in support of her claim for

wrongful discharge in violation of North Carolina public policy (docket no. 7).  Plaintiff

has responded in opposition to the motion and the matter is ripe for disposition.

Furthermore, the parties have not consented to the jurisdiction of the magistrate

judge.  Therefore, the court must deal with the motion by way of recommendation.

For the following reasons, it will be recommended that the motion be granted.

**BACKGROUND**

        This lawsuit arises out of Plaintiff's termination of employment by Defendant

in August 2007 pursuant to a reorganization and reduction in force ("RIF").  On

July 25, 2008, Plaintiff filed a complaint in this court, alleging claims under the Age

Discrimination in Employment Act ("ADEA") and Title VII of the 1964 Civil Rights Act

("Title VII").  Plaintiff also brings a state law wrongful discharge claim, alleging that

Defendant terminated Plaintiff in violation of North Carolina public policy. Defendant has moved to dismiss three of the alleged bases for Plaintiff's state-law wrongful discharge claim.

**FACTS**

The following facts are assumed to be true for the purposes of the motion to dismiss. Defendant manufactures and sells drugs to the public. Plaintiff is female and was 56 years old at all relevant times. In April 1999, Defendant first hired Plaintiff as a non-lawyer staff assistant in its legal department. Plaintiff was over forty years old when hired. From 2002 until her termination from employment in 2007, Plaintiff worked in various non-management roles within the company's Grants Department. At all times during her employment, Plaintiff was an "at-will" employee.

Plaintiff alleges that Defendant fired her in August 2007 because of her age and sex, because she complained about age and sex discrimination in the workplace, and because she complained to her supervisors about Defendant's potential violation of federal guidelines that apply to pharmaceutical companies. As noted, Plaintiff alleges age and sex discrimination under the ADEA and Title VII, respectively. She also brings wrongful discharge claims under North Carolina law. Count Three of the Complaint alleges five public policy bases to support Plaintiff's state law wrongful discharge claim. Defendant's motion to dismiss does not address the first two purported public policy bases (sex and age discrimination), which are

-2-

premised on the North Carolina Equal Employment Practices Act.[1] *See* N.C. GEN. STAT. § 143-422.2. Defendant contends, however, that the remaining three public policy bases identified by Plaintiff–all based on Plaintiff's alleged complaints to Defendant that Defendant may not be complying with federal guidelines–do not exist under North Carolina law as a public policy exception to at-will employee.[2] For the reasons stated herein, I agree.

## DISCUSSION

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

---

[1] Section 143-422.2 provides, in pertinent part:

It is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

N.C. GEN. STAT. § 143-422.2.

[2] Significantly, Plaintiff does not allege in her Complaint that Defendant fired her because she refused to take part in an activity that was unlawful.

-3-

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). With these principles in mind, the court now turns to the motion to dismiss.

North Carolina is an "at-will" employment state, which means that in the absence of a contractual agreement between an employee and an employer establishing a definite term of employment, the relationship is terminable at the will of either party without regard to the quality of performance of either party. *See Kurtzman v. Applied Analytical Indus., Inc.*, 347 N.C. 329, 331, 493 S.E.2d 420, 422 (1997). The North Carolina courts have, however, recognized very limited exceptions to the employment-at-will rule, including that in certain instances at-will employees in North Carolina may bring claims for wrongful discharge in violation of

-4-

public policy.  To state a claim for wrongful discharge in violation of public policy, an at-will employee must plead and prove that the employee's dismissal occurred "for a reason that violates public policy."  *Considine v. Compass Group USA, Inc.*, 145 N.C. App. 314, 317, 551 S.E.2d 179, 181, *aff'd*, 354 N.C. 568, 557 S.E.2d 528 (2001).

The North Carolina courts have recognized two limited situations in which an at-will employee may bring a claim for wrongful discharge in violation of public policy. First, in *Sides v. Duke University*, a nurse was held to have stated a claim for wrongful discharge after she refused her employer's instructions to commit perjury in violation of North Carolina law in a medical malpractice action brought against her employer.  74 N.C. App. 331, 328 S.E.2d 818 (1985).  Then, in *Coman v. Thomas Manufacturing Co.*, the North Carolina Supreme Court recognized a claim for wrongful discharge in violation of public policy where a truck driver alleged that he was discharged because he refused his employer's instructions to drive in violation of federal DOT safety regulations, which have been adopted in the North Carolina Administrative Code, and where he refused his employer's instructions to falsify records to show compliance with highway safety regulations.  325 N.C. 172, 381 S.E.2d 445 (1989).  There, the court observed that requiring an employee to commit an unlawful act under North Carolina law, or terminating his employment for refusing instructions to violate North Carolina law, offends the public policy of North Carolina and therefore creates an impermissible basis for termination.  *See id.* at 175-76, 381

S.E.2d at 447-48. Thus, the North Carolina courts have recognized a public policy exception where an employee has refused an employer's instructions to commit an unlawful act.

The North Carolina courts have also held that a plaintiff may bring a claim for wrongful discharge in violation of public policy in cases involving activity that North Carolina law identifies for either express protection or express prohibition as a matter of important public policy to the State of North Carolina. *See Amos v. Oakdale Knitting Co.*, 331 N.C. 348, 353-54, 416 S.E.2d 166, 169-70 (1992) (recognizing a wrongful discharge claim where an employee was terminated for refusing to work for less than minimum wage). These protected or prohibited activities must, however, be "confined to the express statements contained within [North Carolina's] General Statutes or [the State's] Constitution," *Whitings v. Wolfson Casing Corp.*, 173 N.C. App. 218, 222, 618 S.E.2d 750, 753 (2005). In determining whether certain activities meet the limited public policy exception to the at-will doctrine, North Carolina courts focus on the "potential harm to the public at large." *Teleflex Info. Sys., Inc. v. Arnold*, 132 N.C. App. 689, 695, 513 S.E.2d 85, 89 (1999).

As Defendant notes, in the few cases in which the North Carolina Supreme Court has addressed this second category of wrongful discharge exceptions, the Court has held that the alleged activity did not merit creation of a new exception to at-will employment. *See, e.g.*, *Garner v. Rentenbach Constructors Inc.*, 350 N.C. 567, 572-73, 515 S.E.2d 438, 441-42 (1999) (refusing to recognize a wrongful

discharge claim where an employer allegedly violated the State's drug testing act); *Kurtzman*, 347 N.C. at 331-35, 493 S.E.2d at 421-24 (refusing to recognize a wrongful discharge claim for an employee who moved to North Carolina based on a promise of employment).

Furthermore, the North Carolina courts routinely reject wrongful discharge claims if there is no clear statutory provision declaring the express intent of State public policy to protect an employee's activity. For instance, in *Imes v. City of Asheville*, the Court of Appeals affirmed the trial court's dismissal of the plaintiff's wrongful discharge claims where the plaintiff alleged that the defendant terminated plaintiff's at-will employment because plaintiff had been a victim of domestic violence. 163 N.C. App. 668, 594 S.E.2d 397, *aff'd*, 359 N.C. 182, 606 S.E.2d 117 (2004). The court observed:

> The complaint . . . does not allege that Defendants' conduct violated any explicit statutory or constitutional provision, nor does it allege Defendants encouraged Plaintiff to violate any law that might result in potential harm to the public. Instead, the complaint alleged that "domestic violence is a serious social problem in North Carolina" and that "termination of any employment based on the employee's status as a victim of domestic violence tends to be injurious to the public and against the public good." Plaintiff acknowledges that "there are no North Carolina cases which specifically carve out a public policy exception to the employment-at-will doctrine based on domestic violence." Nor does Plaintiff cite North Carolina statutory law in support of his position. . . . . If the General Assembly desires to exempt victims of domestic violence from the at-will employment doctrine, it is free to do so. This Court, however, may not create public policy exemptions where none exist.

-7-

*Id.* at 671-72, 594 S.E.2d at 399-400; *see also McDonnell v. Guilford County Tradewind Airlines, Inc.*, 670 S.E.2d 302, 307 (N.C. Ct. App. 2009) (refusing to recognize a wrongful discharge claim where the defendant employer terminated a pilot after he refused to fly a non-revenue airline flight on the basis that he was too tired).

Here, Plaintiff's allegations do not fall within either of the two categories of viable claims for wrongful discharge in violation of public policy. Unlike the plaintiffs in *Sides* and *Coman*, Plaintiff here does not allege that Defendant required her to violate the law and/or that she refused Defendant's instructions to violate the law. Nor does she allege any activities that North Carolina law has identified for either express protection or express prohibition as a matter of important public policy. Here, three of Plaintiff's purported bases for the wrongful discharge claim arise out of her allegation that she was fired for her alleged internal reporting of potential violations of federal guidelines applicable to the pharmaceutical industry. Plaintiff provides citations to various North Carolina statutory provisions, and she apparently contends that these provisions contain public policy statements supporting her wrongful discharge claim. That is, Plaintiff cites to North Carolina's Unfair and Deceptive Trade Practices Act, N.C. GEN. STAT. § 75-1.1 et seq.; North Carolina's Medical Assistance Program Act, N.C. GEN. STAT. § 108A-54 et seq.; and North Carolina's Medical Assistance Provider False Claims Act, N.C. GEN. STAT. § 108A-70.11 et seq., as sources of North Carolina's "public policy" exception to Plaintiff's

-8-

at-will status. None of these statutes, however, expressly declares a public policy for purposes of the wrongful discharge exception to the at-will employment rule in North Carolina. In accordance with North Carolina law, this court declines to expand the extremely limited public policy exception to North Carolina's at-will rule. *Accord Tumban v. BioMérieux, Inc.*, No. 1:06CV442, 2007 WL 778426, at *3 (M.D.N.C. Mar. 13, 2007) (where plaintiff alleged that her employer fired her because she had become a "whistleblower" by pointing out to her supervisors failures in compliance with regulatory guidelines and standards that govern the manufacture and testing of medical devices, dismissing plaintiff's claim for wrongful discharge in violation of North Carolina public policy). For all these reasons, Defendant's motion to dismiss three of the bases for Plaintiff's wrongful discharge claim should be granted.

**CONCLUSION**

For the reasons stated herein, it is **RECOMMENDED** that Defendant's motion to dismiss part of Count Three of Plaintiff's Complaint, specifically those allegations in paragraph 163 C, D, and E (docket no. 7), be **GRANTED**.

WALLACE W. DIXON
United States Magistrate Judge

June 26, 2009

-9-